[No. 20425.    Department One.    July 30, 1927.]

IDA M. SMITH, *Appellant*, v. JOSEPH BISSIG *et al.,*
*Respondents.*[1]

[1] MUNICIPAL CORPORATIONS (384)—PEDESTRIANS—INJURY AT STREET CROSSING—PROXIMATE CAUSE. A pedestrian, crossing at a busy city corner, is guilty of contributory negligence, precluding any recovery, where she failed to look to the right for approaching automobiles, after reaching the center of the street, and left the cross walk; where she was not in defendant's view owing to other cars in the intersection, or where defendant would anticipate a pedestrian.

Appeal from a judgment of the superior court for King county, Jones, J., entered October 19, 1926, upon findings in favor of the defendants, in an action for personal injuries sustained by a pedestrian struck by automobile, tried to the court. Affirmed.

[1]Reported in 258 Pac. 34.

*W. E. Heidinger,* for appellant.

*Edwin H. Flick* (*H. Gordon Chute,* of counsel), for respondents.

FRENCH, J.—This is an action for damages resulting from personal injuries to appellant, a pedestrian, struck, by an automobile in the streets of the town of Enumclaw. Griffin avenue, running generally east and west, and Cole street, running generally north and south, intersect each other at right angles at the center of the business section of the town of Enumclaw. Both are paved their entire width, and are much traveled.

[1] On the evening of February 1, 1926, the appellant, walking south on Cole street, started to cross Griffin avenue and, when almost across the street, was struck by respondent's car, which was going east on Griffin avenue. There is testimony in the case tending to show that, at the street intersection, and in the immediate vicinity of this accident, a truck going south on Cole street had turned in the intersection to go east, and was immediately in front of respondent's car so that, for a very short space of time at least, respondent and appellant were unable to see each other because of the truck.

The case was tried to the court without a jury. The court found:

"Finding No. 3:

"Plaintiff stepped off the curb and started to walk across Griffin avenue, substantially in the line of the sidewalk area extended. After passing the middle of Griffin avenue, the plaintiff deviated from the line of the sidewalk area extended . . . and was substantially nine feet east of the east line of said sidewalk area when she was struck by the left front fender of the automobile of defendant . . ."

"Finding No. 7.

"That the said plaintiff did not look to the right when crossing into the on-coming traffic immediately

south of the medial line of Griffin avenue, where she was struck, and that, had she looked, she would have seen defendant's car approaching about six to eight miles an hour."

"Finding No. 8.

"That plaintiff was hidden, after she entered the street intersection, from defendant Bissig, because of the rounding course of the Cliffner truck from the point of the button in the center of the street to the point of accident, and that plaintiff was thus hidden until the Cliffner car passed into the side of the eastbound traffic, possibly nine feet west of the place of the accident.

"That there is nothing other than the fact that Bissig did not see plaintiff, when he might have seen her in the appreciable time hereinabove referred to, to indicate that his conduct was anything but that of a careful, prudent driver, and that it was, at that time, equally his duty to look out for the car approaching from the south and slightly in front and coming toward him and also the foot passenger who was approaching his right, as well as to look forward toward the point of accident.

"That the proximate cause of the accident was the failure on the part of plaintiff to use ordinary care and to exercise her eye sight, and otherwise to use her senses and in failing to see, or to look out for, the oncoming traffic, of which the Bissig car was a part."

There is substantial evidence to support these findings. Adopting them as facts in the case, and taking into consideration other evidence, convinces us that there was very little, if any, negligence on the part of respondent. The scene of this accident is a busy street corner. Five or six automobiles were in the immediate vicinity of the accident at the time it happened. Appellant had left the sidewalk crossing, where she had the right of way, and was at a point where the driver of the car could not reasonably anticipate a pedestrian might be. The appellant, at the place where this acci-

dent occurred, was required to use the highest degree of care for her own safety. This she failed to do.

Judgment affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.